KAREN P. HEWITT
United States Attorney
CHRISTOPHER M. ALEXANDER
ERIC J. BESTE
Assistant U.S. Attorneys
California Bar. No. 201352/226089
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7425/5104
Fax: (619) 235-7055
Email: Christopher.M.Alexander@usdoj.gov,
Eric.Beste@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 07CR3402-IEG |
| Plaintiff, | ) | |
| | ) | HEARING DATE:    August 20, 2008 |
| | ) | TIME:                    10:00 a.m. |
| v. | ) | |
| | ) | UNITED   STATES'   RESPONSE   TO |
| | ) | DEFENDANT'S MOTIONS: |
| ISAAC RAMOS, | ) | |
| | ) | (1)      COMPEL DISCOVERY. |
| Defendant. | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS, |
| | ) | MEMORANDUM   OF   POINTS   AND |
| | ) | AUTHORITIES |
| _____ | ) | |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel,

KAREN P. HEWITT, United States Attorney, and Christopher M. Alexander and Eric J. Beste,

Assistant United States Attorneys, and hereby files its Response and Opposition to Defendant's

above-referenced motion.  This Response and Opposition is based upon the files and records of the case

together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

On December 19, 2007, a federal grand jury in the Southern District of California returned an

Indictment charging Defendant Isaac Ramos ("Defendant") with being a deported alien found in the

1  United States in violation of 8 U.S.C. § 1326.  On December 20, 2007, Defendant was arraigned on the

2  Indictment and entered a not guilty plea.  The Court set a motion hearing date which was continued on

3  January 28, 2007, March 3, 2008, April 1, 2008, June 2, 2008, and July 21, 2008.

4       On July 16, 2008, Defendant filed motions to dismiss due to an invalid deportation, to suppress

5  statements, to suppress evidence, and to file further motions.  On August 7, 2008, Defendant filed

6  additional arguments in support of his motions to dismiss due to an invalid deportation, to suppress

7  statements, and to suppress evidence.  On August 12, 2008, the Court tentatively denied Defendant's

8  motion to suppress evidence and heard testimony regarding Defendant's field statements.  The matter

9  was continued to August 20, 2008.  On August 15, 2008, the United States responded to Defendant's

10 motions.

11      On August 15, 2008, Defendant filed a motion for discovery.  The United States now responds

12 to Defendant's motion.

13                                                    **II**

14                 **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

15      The United States has and will continue to fully comply with its discovery obligations under

16 Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (19 U.S.C. § 3500), and Rule 16 of the Federal

17 Rules of Criminal Procedure.  The United States has already delivered discovery to defense counsel

18 including investigative reports and Defendant's statements.  Nevertheless, on August 15, 2008,

19 Defendant made a series of additional discovery requests.

20      **1.    Dispatch Tapes**

21      The United States has provided the Defendant with arrest reports. Agent rough notes, if any

22 exist, will be preserved, but they will not be produced as part of Rule 16 discovery.  Given the timing

23 of Defendant's request (some nine months after his apprehension), it is unclear whether copies of the

24 dispatch tapes still exist.  The United States will endeavor to determine whether such recordings still

25 exist, and if so, will produce them to the defense.

26      **2.    Brady Material**

27      Again, the United States is well aware of and will continue to perform its duty under Brady v.

28 Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) to disclose exculpatory

evidence within its possession that is material to the issue of guilt or punishment.  Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case.  As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality. [Citation omitted.]

<u>Id.</u> at 774-775.

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses.  <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976).  When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

**3.    <u>Canine Training Records</u>**

Defendant requests discovery regarding the training records of the narcotics / human detector dog.  In <u>United States v. Cedano-Arellano</u>, 332 F.3d 568 (2003), without citing any authority, the Ninth Circuit held that various records relating to a drug detector dog are discoverable for pretrial suppression motions under Rule 16 of the Federal Rules of Criminal Procedure, apparently under both subsections (a)(1)(E) and (a)(1)(F).  Both require the United States to disclose to the defense documents (or test results) that are "material to the defense" (or that were intended to be used in the United States' case-in-chief).  Here, these records are neither material to the defense nor intended to be used by the United States in its case-in-chief.  The United States is not relying on the dog alert to support anything.  The sole issue is whether the dog was used in a manner that rendered Defendant's statements involuntary.  Defendant says, yes.  The Border Patrol Agents disagree.  This is a credibility determination the Court

1    must make.  Therefore, these records are not material to the defense and the United States will not

2    produce the requested dog discovery.  See United States v. Cortez-Rocha, 394 F.3d 1115, 1118 n.1 (9th

3    Cir. 2005).

4        **4.    Witness Addresses**

5        The United States will provide Defendant with a list of all witnesses which it intends to call in

6    its case-in-chief at the time the United States' trial memorandum is filed, although delivery of such a

7    list is not required.  See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter,

8    806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant,

9    however, is not entitled to the production of addresses or phone numbers of possible witnesses of the

10   United States.  See United States v. Hicks, 103 F.3d 837, 841 (9th Cir. 1996); United States v.

11   Thompson, 493 F.2d 305, 309 (9th Cir. 1977).  Defendant has already received access to the names of

12   potential witnesses in this case in the investigative reports.  Additionally, the United States has provided

13   to the defense the names of the other aliens apprehended with him, all of whom have been returned to

14   Mexico.

15       **5.    Records of the Other Aliens**

16       Defendant requests the personal information contained on I-826 and Reports of Investigation for

17   the other aliens apprehended with Defendant.  The United States opposes this request.  First, Defendant

18   testified that the I-826 which has been produced in discovery pertains to him.  He admitted that he lied

19   to Agents and provided a false name.  Second, Defendant is not entitled to the other aliens personal

20   information under Federal Rules of Criminal Procedure 16.

21                                    **III**

22        **DEFENDANT'S MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

23       Defendant's motion for leave to file further motions should be denied except to the extent that

24   such motions are based on new discovery.

25

26

27

28

**IV**

**CONCLUSION**

For the foregoing reasons, the United States asks that the Court deny Defendant's motions and limit further motions to those based on new law or facts.

DATED: August 15, 2008                    Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*s/Eric J. Beste*
CHRISTOPHER M. ALEXANADER
ERIC J. BESTE
Assistant United States Attorneys

Attorneys for the Plaintiff
United States of America

4

07CR3402-IEG

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.   07CR3402-IEG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| ISAAC RAMOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED THAT:

I, ERIC J. BESTE, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response to Defendant's Motion to (1) Compel Discovery, together with statement of facts and memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

 1.  Joan Kerry Bader, Esq.
     Atty for Defendant

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

 None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2008.

             *s/Eric J. Beste*
             ERIC J. BESTE

07CR3402-IEG