KAREN P. HEWITT
United States Attorney
ERIC J. BESTE
Assistant U.S. Attorney
California Bar. No. 226089
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5104
Fax: (619) 235-7055
Email: Eric.Beste@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISAAC RAMOS, <br><br> Defendant. | Criminal Case No. 07CR3402-IEG <br><br> DATE: September 5, 2008 <br> TIME: 1:30 p.m. <br> CTRM: 1 (4th Floor) <br> JUDGE: Hon. Irma E. Gonzalez <br><br> UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S DECLARATION IN SUPPORT OF MOTION TO DISMISS |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Eric J. Beste, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's Declaration in Support of Motion to Dismiss.

On September 2, 2008, Defendant Isaac Ramos ("Defendant") submitted a one-page signed declaration written in the Spanish language. [Dkt. 37] Defendant also filed an unsigned document, written in English, that appears to be an unofficial translation of his declaration. [Dkt. 38]. Although Defendant filed these documents before the deadline set by the Court in its order of August 20, 2008 [Dkt. 35], they are insufficient to put in dispute a material issue of fact that this Court needs to decide in ruling on Defendant's motion to dismiss. Accordingly, this Court should deny Defendant's Motion to Dismiss without holding an unnecessary evidentiary hearing.

//

//

Southern District of California Local Criminal Rule 47.1(g) states that criminal motions requiring a predicate factual finding must be supported by a declaration.[1] Under this rule, the court need not grant an evidentiary hearing if a declaration satisfying the requirements of Rule 47.1(g) is not filed. United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991). In Wardlow, defendant's motion was supported solely by declaration prepared and signed by his counsel. Just as with Crim.L.R. 47.1(g), the district court rule at issue in Wardlow required the movant to submit a declaration signed by a witness competent to testify. The Ninth Circuit held that "[a] broad declaration signed by counsel rather than an individual competent to testify concerning the facts is not sufficient to meet the requirements" of the local rule, and on that basis affirmed the district court's denial of a request for an evidentiary hearing. Id. at 1116.

Defendant's declaration is insufficient under Rule 47.1(g) to warrant an evidentiary hearing.[2] Defendant is wholly conclusory in his assertion he "never voluntarily, intelligently or knowingly gave up my rights." Such legal conclusions are inappropriate under Rule 47.1(g), and Defendant fails to provide any facts to support such a statement. Defendant also makes the undisputed claim that he was "never taken to an Immigration Judge" in Arizona – there is no reason to hold an evidentiary hearing and confirm that after Defendant waived his right to a hearing he was not taken before an Immigration Judge. To the extent the declaration makes contested assertions of fact (such as "I do not know my rights."), these statements are completely contradicted by the voluminous documentary evidence already before this Court. An evidentiary hearing is not required "where the files and records conclusively show

---

[1] Local Rule 47.1(g) provides, in pertinent part:

1. *When Declarations Required.* Criminal motions requiring a predicate factual finding shall be supported by declaration(s). . . . The court need not grant an evidentiary hearing where either party fails to properly support its motion or opposition.
2. *Contents of Declaration.* Each declaration shall set forth, under penalty of perjury, all facts then known and upon which it is contended the motion should be granted or denied. Each declaration shall show affirmatively that the declarant is competent to testify to the matter stated therein, shall avoid argument and conclusions of law and shall in all other respects contain only such representations as would be admissible under the Federal Rules of Evidence. . . .

[2] The lack of a Spanish-English translation of the declaration from a court-certified translator renders Defendant's declaration inadmissible, and provides an additional basis to ignore the declaration under Rule 47.1(g). Nonetheless, the government will point out the additional deficiencies in the declaration based on the uncertified English documents filed by the defense.

1  that the movant is not entitled to relief." United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir.
2  1998). Because the <u>only</u> documentary evidence presented to this Court demonstrated that Defendant
3  was deported pursuant to a regular process that advised him of his rights, and that the government
4  obtained a constitutionally sufficient waiver from Defendant before deporting him, there is no need to
5  conduct an evidentiary hearing. See also United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000)
6  ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts
7  with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested
8  issues of fact exist." ) (citations omitted); cf. Earp v. Stokes, 423 F.3d 1024, 1032-34 (9th Cir. 2005)
9  (defendant entitled to evidentiary hearing on § 2255 claim only if he alleges specific facts which, if true,
10 would entitle him to relief; hearing should have been held because petitioner submitted six declarations
11 and a trial transcript that substantiated his claim of misconduct).

12    In the event this Court concludes that an evidentiary hearing is necessary, the Government will
13 have a witness available to testify as to the procedures employed at the Eloy Detention Center ensuring
14 that Defendant was notified of his rights (including his right to see an Immigration Judge) and that he
15 waived those rights in order to take advantage of the speedy deportation process available to hundreds
16 of aliens each year.

17    DATED: September 4, 2008          Respectfully submitted,

18                                     KAREN P. HEWITT
                                       United States Attorney
19
                                       *s/Eric J. Beste*
20                                     ERIC J. BESTE
                                       Assistant United States Attorney
21
                                       Attorneys for the Plaintiff
22                                     United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>ISAAC RAMOS,<br><br>        Defendant. | Criminal Case No.  07CR3402-IEG<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, ERIC J. BESTE, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S DECLARATION IN SUPPORT OF MOTION TO DISMISS, together with statement of facts and memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Joan Kerry Bader, Esq.
           Atty for Defendant

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008.

                                              *s/Eric J. Beste*
                                              ERIC J. BESTE